JAP:JSC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

BRIAN ISAACSON,

        Defendant.

- - - - - - - - - - - - -X

C O M P L A I N T

(T. 18, U.S.C. § 2252(a)(2))

EASTERN DISTRICT OF NEW YORK, SS:

        THOMAS THOMPSON, being duly sworn, deposes and states that he is a Special Agent with the Federal Bureau of Investigation ("FBI"), duly appointed according to law and acting as such.

        On or about and between April 4, 2015 and June 18, 2015, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant BRIAN ISAACSON did knowingly receive and distribute any visual depiction, the production of such visual depiction having involved the use of one or more minors engaging in sexually explicit conduct and such visual depiction was of such conduct, using any means or facility of interstate or foreign commerce or that has been mailed, or has been shipped or transported in or affecting interstate or foreign commerce or which contains materials which have been mailed or so shipped or transported, by any means including by computer.

        (Title 18, United States Code, Section 2252(a)(2)).

1

The source of your deponent's information and the grounds for his belief are as follows:

1. I am a Special Agent with the Federal Bureau of Investigation ("FBI"). I have been employed by the FBI since 2004. I have been assigned to investigate violations of criminal law relating to the sexual exploitation of children. I have gained expertise in this area through training in classes and daily work related to these types of investigations. As a result of my training and experience, I am familiar with the techniques and methods of operations used by individuals involved in criminal activity to conceal their activities from detection by law enforcement officers. As part of my responsibilities, I have been involved in the investigation of numerous child pornography cases and have reviewed thousands of photographs depicting children (less than eighteen years of age) being sexually exploited by adults. Through my experience in these investigations, I have become familiar with methods of determining whether a child is a minor.

2. I am familiar with the information contained in this affidavit based on my own personal participation in the investigation, my review of documents, my training and experience, and discussions I have had with other law enforcement personnel concerning the creation, distribution and proliferation of child pornography. Additionally, statements attributable to individuals herein are set forth in sum and substance and in part.

3. Peer to peer file sharing ("P2P") is a method of communication available to Internet users through the use of special software. Computers linked together through the Internet using this software form a network that allows for the sharing of digital files between

users on that network. A user first obtains the P2P software, which can be downloaded from the Internet. In general, P2P software allows the user to set up files on a computer to be shared with others running compatible P2P software. A user obtains files by opening the P2P software on the user's computer, and conducting searches for files that are currently being shared on another user's computer.

4. One aspect of P2P file sharing is that multiple files may be downloaded in parallel, which permits downloading more than one file at a time.

5. A P2P file transfer is assisted by reference to an IP address. This address, expressed as four sets of numbers separated by decimal points, is unique to a particular computer during an online session. The IP address provides a unique location making it possible for data to be transferred between computers.

6. Third party software ("Network Monitoring Program" or "Investigative Software") is available to identify the IP address of the P2P computer sending the file. Such software monitors and logs Internet and local network traffic.

7. One investigative method employed in this investigation involves the use of an Investigative Software ("IS"), which is currently used in P2P file sharing investigations to directly download files of child pornography from P2P network users. The IS is designed to "direct connect" to one IP address and browse or download from one specific P2P network user at a time. The IS is a P2P file sharing software similar to other file sharing software used on P2P networks which are free and available to the public.

8. On or about May 21, 2015, an FBI Special Agent working in an undercover capacity ("Undercover Agent") signed into a peer-to-peer (P2P) program, which is

publicly-available, via an internet-connected computer located within the FBI Newark Division. The Undercover Agent memorialized the session by intermittent video capture using a publicly available computer program. Any download activity from the session was monitored via a Network Monitoring Program.

9. Upon signing on to publicly-available Internet Communications Service, the Undercover Agent observed the user "Bfourme" was online. Bfourme was sharing two password protected folders. Bfourme provided the Undercover Agent the password to his folder named "Uploadable." The Undercover Agent browsed through this folder and it contained numerous files with thumbnails indicative of child pornography, including infants and toddlers.

10. The Undercover Agent downloaded over one hundred image[1] files depicting child pornography from Bfourme. The affiant has reviewed all of the downloaded image files. Several of these files, which are available for the Court's review, are described as follows:

    a. **1237058396825.jpg** is an image containing eight (8) smaller images of a prepubescent girl, approximately six (6) years old. In some of the images it appears an adult male is engaging in oral and anal sex with the girl. The girl is a known victim.

---

[1] Although still images of apparent child pornography can be created using "morphing" technology and the identity of two of these minors are not known to law enforcement (i.e., the identity and age of the children have not been discovered by law enforcement), it appears that these images involve the use of actual (i.e. non-virtual) minors engaging in sexually explicit conduct. This conclusion is also based upon my consultation with other agents experienced in determining whether child pornography images depict real children. In addition, based upon my experience in child pornography investigations, I have found that collectors of child pornography generally have in their collections both images which depict children known to law enforcement and images in which the identities of the children depicted are not yet known to law enforcement.

5

b.  **1237453610912.jpg** is an image of an adult male's penis inside the vagina of a prepubescent girl, approximately four (4) years old.

c.  **1236811610305.jpg** is an image of a nude prepubescent girl, approximately six (8) years old, lying down with her legs spread opened and her vagina exposed.  The girl is a known victim.

d.  **1238251882032.jpg** is an image of a nude female infant (less than six months old) lying down with her vagina exposed.  An adult male's penis is touching the infant and there is a white substance that appears to semen on the infant.

11. The Undercover Agent used the Network Monitoring Program to identify the IP address utilized by "Bfourme" as 72.226.3.56.  Open source database searches revealed the IP address 72.226.3.56 was registered to Time Warner Cable.

12. Records obtained from Time Warner Cable by administrative subpoena showed that the IP address 72.226.3.56 on May 21, 2015 was associated with an address in Flushing, New York.  The account was listed in the name "Brain (sic) Isaacson."

13. On June 18, 2015, FBI agents executed a search warrant, issued on June 12, 2015 by the Honorable Viktor V. Pohorelsky, at the defendant BRIAN ISAACSON'S residence, the Queens Address.

14. The defendant BRIAN ISAACSON was present when FBI executed the search warrant.  Agents provided a copy of the search warrant and items to be seized to the defendant to read.  The agents informed the defendant that they were there to execute the search warrant.  Agents advised the defendant of his <u>Miranda</u> rights.  He stated that he understood his rights, verbally waived his <u>Miranda</u> rights and indicated that he wanted to speak to agents without a lawyer present.

5

6

15. The defendant subsequently advised agents, in sum and substance and in part, that he lived at the Queens Address and searched for and downloaded images of child pornography. The defendant admitted to using P2P software to obtain, view and share child pornography. The defendant's P2P file sharing program was open on his computer and running under the "Bfourme" account at the time the agents entered the apartment. Agents found over 600 child pornography files on the defendant's computer. Several of these files, which are available for the Court's review, are described as follows:

  a. **"(pthc) 1yo Love with fun daddy (mom films)"** is a video approximately 59 seconds long, depicting a fully nude prepubescent girl, approximately 1 year of age sitting on an adult male's lap. The adult male rubs the girl's vagina as the camera zooms in on the vagina.

  b. **"! 3month baby.avi"** is a video approximately 2 minutes and 29 seconds long, depicting a female infant. An adult male places his erect penis in the infant's mouth and appears to engage the infant in vaginal penetration.

  c. **1238251882032.jpg** is an image depicting a fully nude infant. A penis is visible near the infant's vagina and a white substance resembling semen is covering the infant's body.

16. FBI agents then placed the defendant under arrest.

WHEREFORE, your deponent respectfully requests that the defendant BRIAN ISAACSON be dealt with according to law.

_____
Thomas Thompson
Special Agent
Federal Bureau of Investigation

Sworn to before me this
18th day of June, 2015

_____
THE HONORABLE VERA M. SCANLON
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK